SHARGOOD CORPORATION, Appellant, v. G. R. KINNEY Co., INC., Respondent.

(Consolidated Action.)

First Department, February 14, 1936.

*Benj. M. Kaye* of counsel [*James S. Hays* and *Milton Kunen* with him on the brief; *Kaye, Scholer, Fierman & Hays*, attorneys], for the appellant.

*Meyer Dvorkin* of counsel [*Jay Noble Emley*, attorney], for the respondent.

O'MALLEY, J. The finding that defendant was not obligated upon the written lease under seal upon which plaintiff's causes of action are predicated, is not only against the weight of, but contrary to, the evidence. It is true that, as typed in the lease, the " G. R. Kinney Shoe Co., Inc.," was recited as the lessee and that the word " Shoe " does not appear in defendant's title. It also appears, however, that defendant's president signed the lease and that the corporate seal of the defendant was likewise thereto affixed. Furthermore, the lessee was described as " a domestic corporation." There is no domestic corporation named Kinney which has the word " Shoe " therein. The Kinney Delaware corporation, while it has the word " Shoe " as part of its title, does not have the abbreviation " Inc." as a part thereof. The Delaware corporation is not a domestic corporation. The defendant is a domestic corporation.

Furthermore, from March, 1929, until September, 1934, the rent of the premises was paid by checks of the defendant corporation. A sublease made on August 14, 1931, was signed on behalf of the defendant by its president and this sublease also contained defendant's corporate seal. The sublease made by the defendant shows the typewritten signature " G. R. Kinney Shoe Co., Inc.," stricken out and in the handwriting of defendant's president there had been substituted its proper corporate title. On the same date the defendant on its letterhead informed plaintiff of the sublease and asked plaintiff's consent. This letter was acknowledged on

behalf of the plaintiff by a letter addressed to the defendant. The rent of the sublessee was paid by checks drawn to the order of the defendant and indorsed and deposited to its credit. It was not shown that defendant treated this subrent as belonging to any party other than itself.

On October 14, 1931, the defendant wrote its sublessee stating that it consented " as lessors " to a further sublease. Other letters to its sublessee clearly indicated that defendant regarded itself as plaintiff's lessee. Furthermore, defendant at one time wrote plaintiff seeking a modification of the lease.

These and other facts and circumstances point only to one conclusion, namely, that this defendant, a New York corporation, and not the Delaware corporation, was the lessee of the plaintiff under the agreement sued upon, and was, therefore. liable for full performance of its terms and covenants.

It follows, therefore, that the judgment appealed from should be reversed upon the law and facts, with costs, and that judgment should be directed in favor of the plaintiff as prayed for in the complaint, with costs.

MARTIN, P. J., McAVOY, TOWNLEY and GLENNON, JJ., concur.

Judgment reversed, with costs, and judgment directed in favor of the plaintiff as prayed for in the complaint, with costs. Settle order on notice.